MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MATTHEW J. ADLER (SBN 273147)
matthew.adler@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:      (415) 591-7500
Facsimile:      (415) 591-7510

DANIEL M. HATTIS (SBN 232141)
dan@hattislaw.com
HATTIS LAW
P.O. Box 1645
Bellevue, WA 98009
Telephone:      (650) 980-1990
Facsimile:      (425) 412-7171

SEAMUS C. DUFFY*
seamus.duffy@dbr.com
MICHAEL W. MCTIGUE JR.*
michael.mctigue@dbr.com
MEREDITH C. SLAWE*
meredith.slawe@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
Telephone:      (215) 988-2700
Facsimile:      (215) 988-2757

JASON SKAGGS (SBN 202190)
jason@skaggsfaucette.com
SKAGGS FAUCETTE LLP
430 Lytton Ave 2nd FL
Palo Alto, CA 94301
Telephone:      (650) 617-3226
Facsimile:      (650) 644-0200

Attorneys for Plaintiffs

Attorneys for Defendant
COMCAST CORPORATION
* *pro hac vice* to be sought

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN ADKINS; JONATHAN BAILEY; REINIER BROKER; JAMES MCLAUGHLIN; NOLA PALMER; CHRISTOPHER ROBERTSON; DEREK VILLEGAS; and DALE WYNN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>Defendant. | Case No. 3:16-cv-05969-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    January 17, 2017<br>Time:    2:30 p.m.<br>Ctrm:    4<br>Judge:   Hon. Vince Chhabria |

1      Plaintiffs Dan Adkins, Jonathan Bailey, Reinier Broker, James McLaughlin, Nola Palmer,

2    Christopher Robertson, Derek Villegas, and Dale Wynn (collectively, "Plaintiffs") and Defendant

3    Comcast Corporation ("Comcast") submit this Joint Case Management Statement pursuant to

4    Rule 26(f) of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the

5    Northern District of California, and Civil Local Rule 16-9, in advance of the Case Management

6    Conference scheduled for January 17, 2017.

7    **1.**    **JURISDICTION AND SERVICE**

8        This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28

9    U.S.C. § 1332(d)(2), as the case as pled shows minimal diversity of citizenship and an amount in

10    controversy allegedly in excess of $5,000,000.00, exclusive of interest and costs.  The parties are

11    not presently aware of any issues regarding personal jurisdiction or venue.  Comcast waived

12    service of the Complaint (Dkt. No. 11) and no parties remain to be served.

13    **2.**    **FACTS**

14        **A.**    **Plaintiffs' Statement:**

15        This class action alleges that Comcast promises and advertises one rate for its services, but

16    then deceptively charges a higher rate via inadequately disclosed fees it calls the Broadcast TV

17    Fee and Regional Sports Fee (the "Fees"), in breach of its agreements with its customers.

18    Comcast has admitted these invented Fees are actually just price increases to reimburse itself for

19    its contractual payments to ABC, NBC, CBS, FOX and sports networks to carry and transmit

20    their video content.  The Fees are a deceptive way for Comcast to double-charge for channels that

21    Comcast has already promised are included with the lower advertised service price.  Since first

22    introducing the Broadcast TV Fee in 2014, Comcast has raised the combined Fees by

23    approximately 800%, to $12 per month or more in many markets.

24        Comcast applies these Fee increases to all customers, even to those in the middle of one-

25    year or two-year contracts at a promised locked-in monthly rate.  Comcast utilizes these hidden

26    Fees to repeatedly increase its prices on its trapped customers during their contract term in breach

27    of Comcast's agreements with them.

28

Comcast's fraud pervades the entire life cycle of the customer. First, Comcast conceals and misrepresents the Fees in its advertising and in its communications with prospective customers. Second, Comcast commits billing fraud by subtracting the invented Fees from the top-line service price in its bills and instead hiding and disguising the charges elsewhere in the bill. Third, to any customers who question Comcast about the Fees and/or the resulting price increase of their services, Comcast staff and agents: (1) insist the promised fixed promotional service rate in the customer's contract is still being honored because only the "fees" have increased, and/or (2) explicitly lie by stating that the Broadcast TV Fee and the Regional Sports Fee are taxes or government-related fees over which Comcast has no control.

Plaintiffs, who have each opted out of Comcast's arbitration clause, bring claims on behalf of a nationwide class of Comcast customers for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  Each Plaintiff also brings claims under the State consumer protection law of the State in which that Plaintiff resides.

**B.**      **Comcast's Statement:**

Plaintiffs' claims are based on the false premises that Comcast's Broadcast TV Fee and Regional Sports Fee were "invented" by Comcast and/or "inadequately disclosed" to customers. To the contrary, the FCC recently observed that these allegedly "invented" fees are being charged by "many large MVPDs,"[1] which are "dealing with higher programming costs" than in the past. *See In the Matter of Annual Assessment of the Status of Competition in the Market for the Delivery of Video Programming, Seventeenth Report*, MB Docket No. 15-158, ¶ 54 & n.143 (May 6, 2016); *id.* n.143 (listing "Comcast, Time Warner Cable, Verizon, and AT&T/DIRECTV").  Moreover, these fees are repeatedly disclosed to customers, both in Comcast's advertisements, its customer agreements, and through other channels.

Indeed, Plaintiffs' agreements with Comcast, and the allegations of their First Amended Complaint, confirm as much.  For example, the Comcast Agreement for Residential Services states that customers agree to pay not only a base rate for television service but also other additional

---

[1]      An "MVPD" is a "multichannel video programming distributor."

"charges" and "fees," including any additional "permitted fees and cost recovery charges." FAC Ex. A, ¶ 2(a). The agreement also provides that, for customers who "have agreed to a minimum term arrangement," their prices are "as specified in the minimum term arrangement." *Id.* That minimum term agreement is a two-page, eight-paragraph document that identifies both the Broadcast TV Fee and Regional Sports Fee by name, explains that those fees are "extra" (*i.e.*, above and beyond the base price), and notes that those fees are subject to change during and after the term of the agreement. Any suggestion that Comcast somehow breached these agreements by charging fees expressly permitted by the agreements is without merit.

Comcast's advertisements include similar disclosures. For example, Plaintiff Robertson acknowledges that he received an advertisement that included the following disclaimer: "Equipment, installation, taxes and fees, including regulatory recovery fees, Broadcast TV Fee (up to $3.50/mo.), Regional Sports Fee (up to $1.00/mo.) and other applicable charges extra, and subject to change during and after the promo." FAC ¶ 31 & Fig. 2. Comcast's online materials likewise disclose the existence and amount of the Broadcast TV and Regional Sports Fees. FAC Fig. 4 ("Equipment, installation, taxes and fees, including regulatory recovery fees, Broadcast TV Fee (up to $3.50/mo.), Regional Sports Fee (up to $1/mo.) and other applicable charges extra, and subject to change during and after the promo.").

Perhaps recognizing the strength of the above disclosures, Plaintiffs' pleading relies heavily on alleged conversations with customer service representatives. It should be noted that many of those alleged conversations were *not* with the named plaintiffs but instead were elicited in conversations initiated by counsel, counsel's "attorney investigators," FAC ¶ 69, and others who are not even named as Plaintiffs. Such conversations are irrelevant to the adequacy of the named plaintiffs' individual claims, and serve merely to highlight the lawyer-driven nature of this action.

### 3. **Legal Issues**

#### A. **Plaintiffs' Statement:**

Plaintiffs anticipate the following disputed issues:

1. Whether Comcast's representations regarding its pricing in its advertising, on its website, in its order summary and confirmation documents, and/or in its customer offer

documents were likely to mislead reasonable consumers;

2.      Whether Comcast's representations regarding its pricing in its advertising, on its website, in its order summary and confirmation documents, and/or in its customer offer documents were objectively material;

3.      Whether Comcast adequately disclosed and described its Broadcast TV Fee and Regional Sports Fee to consumers;

4.      Whether Comcast's representations regarding and/or failure to adequately disclose the Broadcast TV Fee and the Regional Sports Fee in its advertising, on its website, in its order summary and confirmation documents, and/or in its customer offer documents were likely to mislead reasonable consumers;

5.      Whether Comcast's representations regarding and/or failure to adequately disclose the Broadcast TV Fee and the Regional Sports Fee in its advertising, on its website, in its order summary and confirmation documents, and/or in its customer offer documents were objectively material;

6.      Whether Comcast's representations, descriptions, and/or concealment of the Broadcast TV Fee and the Regional Sports Fee in its customer bills were likely to mislead reasonable consumers;

7.      Whether Comcast's representations, descriptions, and/or concealment of the Broadcast TV Fee and the Regional Sports Fee in its customer bills were objectively material;

8.      Whether Comcast breached its agreements with its customers by charging the Broadcast TV Fee and the Regional Sports Fee;

9.      Whether Comcast breached its agreements with its customers by increasing the Broadcast TV Fee and the Regional Sports Fee in the middle of minimum term contracts at a promised locked-in monthly rate;

10.     Whether Comcast's form customer agreements contain illusory terms;

11.     Whether Comcast's form customer agreements contain unconscionable terms;

12.     Whether Comcast gave adequate notice to customers when it increased the amount of the Broadcast TV Fee and/or the Regional Sports Fee charged to them;

13.     Whether Comcast had a policy of instructing, encouraging, and/or condoning its staff and agents to make misleading or false statements to consumers regarding the nature and purpose of the Broadcast TV Fee and the Regional Sports Fee;

14.     Whether Comcast engaged in deceptive and/or unfair business practices;

15.     Whether Comcast abused any discretion it had regarding the prices it charged for its services including the Broadcast TV Fee and/or the Regional Sports Fee, in violation of the implied covenant of good faith and fair dealing;

16.     Whether this action is appropriate for class certification;

17.     Whether any of the customers in the proposed class and/or subclasses are prohibited from asserting claims as a member of the Class in this action, pursuant to the arbitration provision contained in the relevant Comcast form customer agreement;

18.     Whether Comcast is liable for damages and/or restitution and in what amounts; and

19.     Whether injunctive relief is appropriate to end the practices alleged.

**B.     Comcast's Statement:**

Comcast contends that Plaintiffs' First Amended Complaint (FAC) fails to state a claim upon which relief may be granted as to any Plaintiff, under any of the legal theories alleged under the different State laws that Plaintiffs have invoked.  Comcast contends that Plaintiffs have failed to state a claim for breach of contract, or any claim for breach of implied covenant or for unjust enrichment.  Plaintiffs' statutory claims fail for lack of specificity pursuant to Federal Rule of Civil Procedure 9(b), as Plaintiffs have not alleged the requisite elements of such claims with particularity.  Those claims also fail under Federal Rule of Civil Procedure 8(a), as the disclosures provided to each Plaintiff appropriately identified the Broadcast TV Fee and Regional Sports Fee. In addition, Plaintiffs have otherwise failed to plead the requisite elements of individual and/or classwide relief under particular State statutes invoked in the FAC.  Further, Plaintiffs lack standing to challenge the arbitration provision in Comcast's customer agreements, insofar as Plaintiffs allege that they have elected to opt out of the provision.

1   Comcast also contends that the putative class allegations are overbroad, insofar as

2   Plaintiffs seek to certify a putative class and/or subclasses that would include customers who are

3   bound to arbitrate any dispute on an individual basis, pursuant to the arbitration provision

4   contained in the customer's agreement with Comcast.

5   **4.      Motions**

6   Comcast will file its Motion to Dismiss, raising the foregoing issues in whole or in part,

7   by the stipulated deadline of February 17, 2017.  That Motion will be set for hearing on April 20,

8   2017.  Given the extensive allegations of the First Amended Complaint, as well as the seven

9   different State statutes that Plaintiffs have invoked, the parties propose and will present a

10  stipulation and proposed Order to extend the page limits on this Motion to twenty-five pages for

11  moving and opposition brief, and fifteen pages for reply.   Comcast reserves the right to move for

12  summary judgment, in whole or in part, pursuant to Federal Rule of Civil Procedure 56; and to

13  move for an order denying certification pursuant to Federal Rule of Civil Procedure 23, as

14  discussed below.

15  Plaintiffs anticipate filing a motion for class certification after appropriate discovery has

16  been conducted.

17  **5.      Amendment of Pleadings**

18  The Complaint has been amended once.  Comcast has not yet filed a responsive pleading.

19  Plaintiffs reserve the right to amend their complaint, including adding additional plaintiffs, as

20  appropriate pursuant to Fed. R. Civ. P. 15 and subject to Court approval as necessary.

21  **6.      Evidence Preservation**

22  The parties have reviewed the Guidelines Relating to the Discovery of Electronically

23  Stored Information and are meeting and conferring pursuant to Fed. R. Civ. P. 26(f) regarding

24  reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably

25  evident in this action.  The parties anticipate completing those discussions on or before February

26  15, 2017.

27

28

**7.      Disclosures**

The parties have not yet served initial disclosures pursuant to Fed. R. Civ. P. 26.  Pursuant to Rule 26(a)(1)(C), the parties have agreed to serve their respective initial disclosures by February 15, 2017.

**8.      Discovery**

There has been no discovery taken to date, and there are currently no discovery disputes.

Plaintiffs submit that discovery should be open for all purposes, pursuant to the Federal Rules of Civil Procedure.

Comcast submits that discovery should not commence immediately, and should await the Court's ruling on Comcast's Motion to Dismiss, as that ruling may dispose of some or all of the claims alleged in this action, and otherwise provide guidance as to the scope of any discovery. Comcast submits that to the extent any of Plaintiffs' claims remain viable after resolution of Comcast's Motion to Dismiss, the discovery process should be phased, with the parameters to be determined after and in light of the Court's ruling.

In the interim, the parties have agreed to make initial disclosures and to complete meet and confer regarding preservation issues by February 15, 2017.

The parties do not propose any limitations or modifications of the discovery rules.  The parties have not yet determined whether the extent of e-discovery likely to be sought in this case justifies entry of a stipulated e-discovery order.

**9.      Class Actions**

Plaintiffs anticipate they will move for certification of a nationwide class and several state sub-classes, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), of the following "Class" (as defined in paragraph 257 of the FAC):

> All persons in the United States whom Comcast has charged a "Broadcast TV Fee" and/or a "Regional Sports Fee" within the applicable statute of limitations.

Plaintiffs submit that a schedule for the class certification motion should be set once the Court has ruled on the anticipated Motion to Dismiss and Comcast has filed an Answer.  Plaintiffs expect that they will be able to complete the discovery necessary to move for class certification

1  within approximately six months after Comcast files its Answer, and will be able to file their class

2  certification motion within one month after the discovery is completed.

3      Comcast anticipates that the scope of any putative class must exclude customers who have

4  agreed to resolve any dispute with Comcast through individual arbitration.  In the event any

5  portion of Plaintiffs' claims remain viable following its Motion to Dismiss, Comcast anticipates

6  addressing these issues through meet and confer with Plaintiffs, and if needed by motion under

7  Rule 23.  *See, e.g., Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 941 (9th Cir.

8  2009)("A defendant may move to deny class certification before a plaintiff files a motion to

9  certify a class.").

10  **10.    Related Cases**

11      The parties are not currently aware of any related cases or proceedings pending before

12  another judge of this court, or before another court or administrative body.

13  **11.    Relief**

14      **A.    Plaintiffs' Statement:**

15      Plaintiffs, on behalf of themselves and the Class, seek the following relief:  injunctive

16  relief permanently enjoining Comcast from engaging in the misconduct alleged with respect to

17  the advertised and promised pricing for its services and its charging the Broadcast TV Fee and the

18  Regional Sports Fee; damages and/or restitution, including the amount Comcast improperly

19  charged Plaintiffs and the Class for the Broadcast TV Fee and the Regional Sports Fee; punitive,

20  exemplary, and/or treble damages; pre-judgment and post-judgment interest; attorneys' fees and

21  costs; and such other relief as may be appropriate.

22      **B.    Comcast's Statement:**

23      Comcast disputes that Plaintiffs are entitled to any damages, restitution, or injunctive

24  relief, under any theory.  Comcast also disputes that classwide injunctive relief may be

25  appropriately pursued in this action, as (among other things) Plaintiffs' FAC seeks certification

26  only under Federal Rule of Civil Procedure 23(a) and (b)(3), and does not include any allegations

27  that any claims for injunctive relief are appropriate for certification under Rule 23(b)(2).

28

**12.      Settlement and ADR**

      Comcast is still conducting its factual investigation as to Plaintiffs' claims in the FAC, and to date, there have been no formal efforts to resolve this action.

      The parties have met and conferred with regard to selecting an ADR process, pursuant to ADR L.R. 3-5.  Comcast believes that it is premature to select an ADR process, as the appropriateness of particular process will depend in part on whether any of Plaintiffs' claims are certified for class treatment.  The parties have filed a Notice of Need for an ADR Phone Conference.

**13.      Consent to Magistrate Judge for All Purposes**

      Comcast has declined to consent to have a magistrate judge conduct all further proceedings including trial and entry judgment.

**14.      Other References**

      The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues**

      At this early stage, the parties are not currently aware of any issues that might be narrowed through stipulation.  The parties agree to work together in good faith to identify any such issues as the case progresses.

**16.      Expedited Trial Procedure**

      The parties do not believe that this case is suitable for the expedited trial procedure.

**17.      Scheduling**

      Plaintiffs submit that a schedule for the class certification motion should be set once the Court has ruled on Comcast's Motion to Dismiss and Comcast has filed an Answer.  Plaintiffs expect that they will be able to complete the discovery necessary to move for class certification within approximately six months after Comcast files its Answer, and will be able to file their class certification motion within one month after the discovery is completed.  Further deadlines and scheduling issues should be addressed once the Court has ruled on class certification.

1   Comcast believes that a six month period for discovery related to class certification may

2   be appropriate, if any of Plaintiffs' claims remain viable following ruling on its Motion to

3   Dismiss.  However, Comcast anticipates that several legal issues identified by the parties above

4   may be relevant to the scope of such discovery, including whether such discovery appropriately

5   extends to customers who have agreed to arbitrate disputes with Comcast through individual

6   arbitration; and whether Plaintiffs, to the extent they are not bound by an arbitration agreement,

7   would have standing to challenge the arbitration agreement.

8   **18.**     **Trial**

9   Plaintiffs have demanded a trial by jury as to all issues so triable.  Comcast anticipates

10   demanding a jury as well.  The parties respectfully submit that it is premature to set a trial date or

11   estimate the length of trial at this time.

12   **19.**     **Disclosure of Non-Party Interested Entities or Persons**

13   Plaintiffs and Comcast have filed their Certifications of Interested Entities or Persons, as

14   required by Civil Local Rule 3-15.

15   Plaintiffs' certification states as follows:  "Pursuant to Civil Local Rule 3-15, the

16   undersigned certifies that as of this date, other than the named parties, there is no such interest to

17   report."

18   Comcast's certification stated that "other than the named parties, there is no such interest

19   to report."

20   **20.**     **Professional Conduct**

21   All attorneys of record have reviewed the Guidelines for Professional Conduct for the

22   Northern District of California.

23

24

25

26

27

28

1    Dated: January 10, 2017                    DRINKER BIDDLE & REATH LLP

2

3                                               By: /s/ Michael J. Stortz

4                                                   Michael J. Stortz
                                                    Matthew J. Adler

5                                               Attorneys for Defendant
                                                COMCAST CORPORATION
6

7    Dated: January 10, 2017                    HATTIS LAW

8

9                                               By: /s/ Daniel M. Hattis

10                                                  Daniel M. Hattis

                                                Attorneys for Plaintiffs
11

12                  **Attestation Pursuant to Civil Local Rule 5-1(i)**

13          Pursuant to Civil Local Rule 5-1(i), I, Michael J. Stortz, hereby attest that I have obtained

14   concurrence in the filing of this document from the other signatory to this document.

15          I declare under penalty of perjury under the laws of the United States of America that the

16   foregoing is true and correct.  Executed this 10th day of January, 2017, in San Francisco,

17   California.

18                                              /s/ Michael J. Stortz

19                                              Michael J. Stortz

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO