UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN ADKINS, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>COMCAST CORPORATION, et al.,<br><br>                    Defendants. | Case No.  16-cv-05969-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 46 |

For the reasons discussed at the hearing, the motion to dismiss is granted.

With respect to the California plaintiffs, there is personal jurisdiction over both defendants (including Comcast Corp., in light of the contract attached as Exhibit A to the second amended complaint), but the plaintiffs have not stated a claim in Counts I through VI because they have not alleged with adequate specificity how they, in particular, were deceived about the fees at issue.  Because it appears possible that the complaint could be amended to state a claim with respect to at least some of the counts, dismissal is with leave to amend.  Any third amended complaint must be filed within 21 days of this order.

With respect to the claims by the out-of-state plaintiffs, the allegations and evidence presented do not establish personal jurisdiction over the defendants.  *See Bristol-Myers Squibb Co. v. Superior Court*, 1 Cal. 5th 783 (2016), *cert. granted*, 137 S. Ct. 827 (2017) (emphasizing the intensity of the defendant's forum contacts and the allegations that the defendant engaged in a "single, coordinated, nationwide course of conduct").  However, because the law regarding personal jurisdiction over the claims brought by the out-of-state plaintiffs is in flux, dismissal is with leave to amend.  If, after the Supreme Court's ruling in *Bristol-Myers Squibb*, the out-of-

state plaintiffs have a good faith basis for alleging that California has personal jurisdiction over the defendants with respect to the out-of-state plaintiffs' claims and that discovery would bear out any such allegations, they may seek leave to amend the third amended complaint to add back the out-of-state-plaintiffs.  Any request for leave to add back the out-of-state plaintiffs must be filed within 30 days of the Supreme Court's decision.

Comcast's motion to strike the complaint allegations regarding plaintiff counsel's communications with Comcast representatives is granted; the motion is denied in all other respects.  Comcast's Request for Judicial Notice is granted.  The plaintiff's motion to exclude exhibits A-Q to the Salcedo declaration is denied as moot, as the Court did not consider those materials in connection with the motion to dismiss.

**IT IS SO ORDERED.**

Dated:  April 25, 2017

_____
VINCE CHHABRIA
United States District Judge