Daniel M. Hattis (SBN 232141)
HATTIS LAW PLLC
P.O. Box 1645
Bellevue, WA 98009
Telephone: (650) 980-1990
Facsimile: (425) 412-7171
Email: dan@hattislaw.com

Jason Skaggs (SBN 202190)
SKAGGS FAUCETTE LLP
530 Lytton Ave 2nd FL
Palo Alto, CA 94301
Telephone: (650) 617-3226
Email: jason@skaggsfaucette.com

Tony J. Tanke (SBN 74054)
LAW OFFICES OF TONY J. TANKE
2050 Lyndell Terrace, Suite 240
Davis, CA 95616
Telephone: (530) 758-4530
Email: appeals@tankelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN ADKINS and CHRISTOPHER ROBERTSON,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendants. | Case No. 3:16-cv-05969-VC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Date:  September 21, 2017<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Judge:  Hon. Vince Chhabria |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
## FOURTH AMENDED COMPLAINT

PLEASE TAKE NOTICE that on September 21, 2017, at 10:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Vince Chhabria, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Plaintiffs Dan Adkins and Christopher Robertson ("Plaintiffs") will and hereby do move this Court for an order granting Plaintiffs leave to file their Fourth Amended Complaint and ordering that the Fourth Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Plaintiffs' Fourth Amended Complaint, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Through this motion, Plaintiffs seek leave to file their Fourth Amended Complaint (attached hereto as **Exhibit A**) to remove the injunctive and declaratory relief claims pursuant to Federal Rule of Civil Procedure 15(a) and consistent with the Court's order on the motion to dismiss issued on August 1, 2017 ("Order"). Plaintiffs desire to bring an injunctive-relief-only action in state court as the Court suggested they could at the July 27, 2017 hearing on the motion to dismiss and given the Court's position in the Order that Plaintiffs likely do not have standing to seek injunctive relief. Amending the complaint at this time would enable Plaintiffs to bring the state action immediately thereafter, while streamlining the current case consistent with the Court's Order and ensuring the avoidance of parallel and duplicative litigation regarding the injunctive relief claims in two court systems. Plaintiffs' Fourth Amended Complaint is timely, is modified only to remove the injunctive and declaratory relief claims and the dismissed breach of the implied covenant claim, does not cause any prejudice to Comcast, and should be permitted.

### II.     STATEMENT OF FACTS

Plaintiffs filed this lawsuit on October 15, 2016 (Dkt. 1). Plaintiffs filed the Third

1   Amended Complaint (Dkt. 69) on May 16, 2017, which dismissed the class claims but added

2   public injunctive relief claims. Comcast filed a Motion to Dismiss (Dkt. 76) on June 9, 2017. On

3   August 1, 2017, the Court issued its Order on the motion to dismiss (Dkt. 88). The Court stated in

4   the Order that Plaintiffs are "on notice that they likely do not have standing to seek injunctive

5   relief." Dkt. 88 at ¶ 7. At the July 27, 2017 hearing on the motion to dismiss, the Court indicated

6   that Plaintiffs could seek injunctive relief in a parallel state court action, asking Comcast's

7   counsel Seamus Duffy, "if it's so important to [Plaintiffs] to get injunctive relief, then they can

8   seek that in state court, right?" Transcript of Proceedings (July 27, 2017) ("Tr.") at 27:1-6.

9   However, the Court declined to rule definitely on the injunctive relief standing issue in its Order

10   because "Comcast did not brief this issue, so the plaintiffs have not had a chance to address it."

11   Dkt. 88 at ¶ 7.

12        Plaintiffs desire to bring an injunctive-relief-only action as soon as possible in state court

13   as a remedy for the claims they assert in this case.

14        The proposed Fourth Amended Complaint, attached hereto as **Exhibit A**, contains the

15   following modifications from the Third Amended Complaint: (1) the claims for injunctive and

16   declaratory relief are dropped; and (2) the dismissed claim for breach of the implied covenant of

17   good faith and fair dealing is dropped. Hattis Declaration ("Hattis Dec."), ¶ 3. No new substantive

18   facts or claims are alleged. *Id.* On August 7, 2017, Plaintiffs' counsel emailed counsel for

19   Comcast the proposed Fourth Amended Complaint, and requested that Comcast stipulate to the

20   amendment pursuant to Rule 15(a)(2). Hattis Dec., ¶ 4. On August 8, 2017 Comcast counsel Mike

21   Stortz responded by email that Comcast will not stipulate to the proposed amendment of the

22   complaint. Hattis Dec., ¶ 5. Thus, Plaintiffs have filed this motion to request leave of the Court to

23   file said Fourth Amended Complaint.

24   **III.    ARGUMENT**

25        **A.    Leave Should Be Granted To Amend the Complaint.**

26        Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be

27   freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and

28   this district have repeatedly reaffirmed that leave to amend is to be granted with "extreme

1   liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted);

2   *see, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be

3   freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

4   ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

5   presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis in original);

6   *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy

7   favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper*

8   *Development Co. v. Employers Insurance of Wausau*, 765 F.Supp. 1429, 1432 (N.D. Cal. 1991)

9   (courts have been "quite liberal" in granting leave to amend); *Building Service Employees*

10  *Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal.

11  1983) (same); *see also* Moore, 3-15 *Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-

12  amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary

13  factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to

14  amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."

15  *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

16          **B.**    **Amendment Should Be Permitted.**

17       Plaintiffs' Fourth Amended Complaint is timely and should be allowed. The Court has put

18  Plaintiffs "on notice" that Plaintiffs likely do not have standing for their injunctive relief claims.

19  Dkt. 88 at ¶ 7. The Court also has indicated that it would be appropriate for Plaintiffs to instead

20  pursue their injunctive relief claims in a separate action in state court. Tr. at 27:1-6. Rather than

21  cause delay and unnecessarily expend the Court's and the parties' time on the injunctive relief

22  claims regarding which the Court has made its position clear, Plaintiffs desire to expeditiously

23  dismiss the injunctive and declaratory relief claims without prejudice from this action so they can

24  pursue them in state court.

25       Ninth Circuit case law is clear that the appropriate method to dismiss some but not all of a

26  plaintiff's claims is via a Rule 15(a) amendment of the complaint, as opposed to voluntary

27  dismissal pursuant to Rule 41(a). *See ECASH Technologies, Inc. v. Guagliardo* (9th Cir. 2002),

28  35 Fed.Appx. 498, 499; *Hernandez v. DMSI Staffing*, LLC, 79 F.Supp 3d 1054, 1058-1059 (N.D.

1  Cal. 2015).

2         Amending the complaint at this time would enable Plaintiffs to bring their claims for

3  injunctive relief in state court immediately thereafter, while streamlining the current case

4  consistent with the Court's Order and ensuring the avoidance of parallel and duplicative litigation

5  regarding the injunctive relief claims in two court systems.

6         There is no prejudice to Comcast here. Plaintiffs' Fourth Amended Complaint is modified

7  only to remove the injunctive and declaratory relief claims (and also the dismissed breach of the

8  implied covenant claim) and does not add new substantive facts or new claims.

9         Plaintiffs offer the Fourth Amended Complaint in good faith and without undue delay, and

10  are filing it consistent with the Court's August 1, 2017 Order on the motion to dismiss.

11         In sum, Plaintiffs' proposed Fourth Amended Complaint was filed timely and in good

12  faith and does not prejudice Comcast. Consequently, none of the factors on which courts base

13  denial of motions for leave to amend are present here. Thus, Plaintiffs' motion for leave should be

14  granted.

15  **IV.   CONCLUSION**

16         For the reasons discussed above, Plaintiffs respectfully seek leave of this Court to file the

17  proposed Fourth Amended Complaint.

18  Dated:  August 9, 2017            Respectfully submitted,

19                                    By:_____

20                                        Daniel M. Hattis

21                                    Daniel M. Hattis (SBN 232141)
                                       HATTIS LAW PLLC
22                                     P.O. Box 1645
                                       Bellevue, WA 98009
23                                     Telephone: (650) 980-1990
                                       Facsimile: (425) 412-7171
24                                     Email: dan@hattislaw.com

25
                                       Attorneys for Plaintiffs
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28