UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN ADKINS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, et al.,<br><br>    Defendants. | Case No. 16-cv-05969-VC<br><br>Re: Dkt. Nos. 115, 151 |
| CHARLES TILLAGE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, et al.,<br><br>    Defendants. | Case No. 17-cv-06477-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION, GRANTING LEAVE TO AMEND COMPLAINT, DENYING MOTION TO STRIKE CLASS ALLEGATIONS, DISMISSING CERTAIN NAMED PLAINTIFFS, DENYING MOTION TO CONSOLIDATE CASES, AND GRANTING MOTION TO REOPEN DISCOVERY**<br><br>Re: Dkt. Nos. 10, 16 |

    1. The defendants' motion to compel arbitration in the Tillage case (No. 17-cv-06477) is denied. The arbitration agreement in this case waives an individual's right to bring a public injunctive relief claim in any forum. *See* 2017 Subscriber Agreement § 13(h) (Dkt. No. 28-1, Ex. A at 14). Such a waiver is unenforceable under state law. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951 (2017); *see also Blair v. Rent-A-Center, Inc.*, No. C 17-02335 WHA, 2017 WL 4805577, at *2-6 (N.D. Cal. Oct. 25, 2017); *McArdle v. AT&T Mobility LLC*, No. 09-cv-01117-

CW, 2017 WL 4354998, at *3-4 (N.D. Cal. Oct. 2, 2017).  To the extent that Comcast argues the *McGill* rule is preempted by the Federal Arbitration Act, *McGill* itself explains why it is not.[1] *McGill*, 2 Cal. 5th at 961-66; *see also Blair*, 2017 WL 4805577, at *4-5; *McArdle*, 2017 WL 4354998, at *3-4.  Moreover, the agreement includes language that invalidates the entire arbitration clause if the waiver is invalidated.  *See* 2017 Subscriber Agreement § 13(h); *see also McArdle*, 2017 WL 4354998, at *4-5.  Therefore, the motion to compel arbitration is denied.  Any request to stay this case pending appeal of this ruling must be filed within 14 days of this order.  It can be filed as an administrative request under Local Rule 7-11.

    2.  The plaintiffs in the Adkins case (No. 16-cv-05969) are granted leave to amend their complaint to add a public injunctive relief claim.  The parties are ordered to meet and confer within 7 days of this order to determine how the complaint will be amended.  The amended complaint must be filed within 14 days of this order.

    3.  The defendants' motion to strike the class allegations in the Tillage case is denied.  The parties have stipulated that plaintiffs Dan Adkins and Christopher Robertson should be dismissed from the Tillage case since they are bringing their claims in the Adkins case.  Therefore, Adkins and Robertson are dismissed from the Tillage case.

    4.  The plaintiffs' motion to consolidate the two cases is denied.

    5.  The plaintiffs' motion to reopen discovery in the Adkins case is granted.  Discovery will be reopened as it relates to the issue of Comcast's evidence preservation, to the changes made to the deposition of Tom Karnishak, and to the addition of the public injunctive relief claim.  Comcast is ordered to pay the costs of the resumed deposition of Karnishak, including

---

[1] Contrary to Comcast's assertions, *Ferguson v. Corinthian Colleges, Inc.*, does not apply.  *Ferguson* held that the Federal Arbitration Act preempted California's rule prohibiting parties from compelling the arbitration of public injunctive relief claims.  733 F.3d 928, 932-37 (9th Cir. 2013).  *McGill* applies because it held that waivers of the right to bring claims for public injunctive relief in any forum are unenforceable.  That is precisely the kind of waiver here.  Given the similarities between public injunctive relief claims and representative actions under the Private Attorneys General Act of 2004 ("PAGA"), it is also worth noting that the Ninth Circuit has held that California's rule barring waivers of PAGA claims is not preempted by the Federal Arbitration Act.  *See Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425, 431-40 (9th Cir. 2015).

any travel costs incurred by plaintiffs' counsel.  The parties must file all discovery requests within 28 days of this order.  All discovery disputes must be presented to Judge Ryu.

      6.  The schedule for the Adkins case will be as follows:  the discovery cutoff is June 15, 2018; the last day for a hearing on dispositive motions is October 4, 2018; the pretrial conference will take place on December 3, 2018; and trial will begin December 10, 2018.

      **IT IS SO ORDERED.**

Dated: February 15, 2018

                                            VINCE CHHABRIA
                                            United States District Judge